UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
WILMA LYNN SUTTON,

                       Plaintiff,

          - against -

COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,

                       Defendant.
--------------------------------------------------------x

**MEMORANDUM & ORDER**
20-CV-3441 (PKC)

PAMELA K. CHEN, United States District Judge:

Plaintiff Wilma Lynn Sutton ("Plaintiff") filed this action pursuant to 42 U.S.C. § 405(g) to challenge an adverse determination by the Social Security Administration ("SSA"), which denied Plaintiff benefits. After the parties filed cross-motions for judgment on the pleadings, the Court granted Plaintiff's motion and remanded Plaintiff's claim for benefits to the SSA for further proceedings. On remand, Plaintiff was awarded benefits, including roughly $138,250 in past-due benefits. Plaintiff's counsel, Charles E. Binder ("Binder") of the Law Office of Charles E. Binder and Harry J. Binder ("Binder & Binder"), now moves for $34,562.50 in attorney's fees pursuant to 42 U.S.C. § 406(b). For the reasons explained below, Binder's motion is granted and Plaintiff's counsel is awarded $34,562.50.

## BACKGROUND

After Plaintiff was denied benefits at the agency level, Plaintiff retained Binder & Binder. (Binder Aff., Dkt. 24 ¶¶ 1–2.) Binder filed this action on July 30, 2020. (Dkt. 1.) After the parties filed cross-motions for judgment on the pleadings, and Plaintiff filed a reply, the Court granted Plaintiff's motion and remanded to the SSA. (*See* Dkt. 19.) This Court then awarded Plaintiff $8,223.60 in attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C.

§ 2412.  (Dkt. 21; 6/28/2022 Dkt. Order.)  On March 3, 2024, SSA sent a Notice of Award letter to Binder & Binder.  (Binder Aff., Dkt. 24 ¶ 11.)  In the letter, SSA indicated that Plaintiff would receive approximately $138,250 in past-due benefits, with 25% ($34,562.50) withheld as possible fees for her attorneys.  (*Id.*; *see also* 3/3/2024 SSA Ltr., Dkt. 24-1 at ECF[1] 8, 9.)[2]  By motion filed on March 7, 2024, Binder seeks $34,562.50 for work performed before this Court.  (Binder Aff., Dkt. 24 ¶ 12.)

Along with Binder's motion, Binder submitted a fee agreement, demonstrating that Plaintiff retained Binder & Binder on a 25% contingency-fee basis, and itemized time records, indicating that Binder & Binder spent a total of 35.4 hours litigating this matter before this Court. (Dkt. 24-1 at ECF 5.)  $34,562.50 for 35.4 hours of work would be an effective hourly rate of approximately $976 per hour.

## DISCUSSION

### I.  Timeliness

Motions for attorneys' fees under 42 U.S.C. § 406(b) must be filed within the 14-day filing period proscribed by Rule 54(d) of the Federal Rules of Civil Procedure.  *Sinkler v. Berryhill*, 932 F.3d 83, 91 (2d Cir. 2019).  The 14-day period begins to run from when "counsel receives notice of the benefits award," and the law presumes that "a party receives communications three days after mailing."  *Id.* at 87–89 & n.5.  Furthermore, because Federal Rule of Civil Procedure

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

[2] The letter does not state the exact amount of past-due benefits awarded, but notes that the SSA "usually" withholds 25% for potential attorneys' fees and, in this case, was withholding $34,562.50.  (Dkt. 24-1 at ECF 9.)

("Rule") 54(d) allows judges to extend the 14-day deadline by court order, "district courts are empowered to enlarge that filing period where circumstances warrant." *Id.* at 89.

Plaintiff's counsel received the notice of benefits award on March 6, 2024. (Binder Aff., Dkt. 24 ¶ 11.) This motion was filed the following day, on March 7, 2024. (Dkt. 22.) The motion is thus timely filed.

## II.    Reasonableness of the Requested Fee

### A.    Legal Standard

Section 406(b) of the Social Security Act provides that a court may award a "reasonable fee . . . not in excess of 25% of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b). If the contingency percentage is within the 25% cap, and there is no evidence of fraud or overreaching in making the agreement, a district court should test the agreement for reasonableness. *Fields v. Kijakazi*, 24 F.4th 845, 853 (2d Cir. 2022).

To determine whether a fee is reasonable, a district court should consider (1) the character of the representation and the results the representative achieved; (2) whether counsel was responsible for a delay, unjustly allowing counsel to obtain a percentage of additional past-due benefits;[3] and (3) whether the requested amount is so large in comparison to the time that counsel spent on the case as to be a windfall to the attorney." *Id.* at 849 & n.2, 853.

With respect to whether a fee would be a "windfall," in *Fields* the Second Circuit emphasized that "the windfall factor does *not* constitute a way of reintroducing the lodestar method

---

[3] This is because the amount of benefits a successful plaintiff receives is calculated from the date of onset up to the date the SSA awards benefits on remand. *See Fields*, 24 F.4th at 849 n.4 ("Undue delay can be a particular problem in cases like these, in which past-due benefits are at stake. Because delay increases the size of a plaintiff's recovery, it may also increase disproportionately a lawyer's contingent fee recovery. [W]here the attorney is responsible for delay, the attorney should not be allowed to profit from the accumulation of benefits during the pendency of the case in court." (citation omitted)).

and, in doing so, . . . indicate[d] the limits of the windfall factor." *Id.* at 854. Rather, "courts must consider more than the de facto hourly rate" because "even a relatively high hourly rate may be perfectly reasonable, and not a windfall, in the context of any given case." *Id.* at 854. The Second Circuit instructed courts to consider (1) "the ability and expertise of the lawyers and whether they were particularly efficient, accomplishing in a relatively short amount of time what less specialized or less well-trained lawyers might take far longer to do," (2) "the nature and length of the professional relationship with the claimant—including any representation at the agency level," (3) "the satisfaction of the disabled claimant," and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Id.* at 854–56. Ultimately, a district court may reduce the amount called for in the contingency fee agreement "only when [the court] finds the amount to be unreasonable," after considering the factors outlined above. *Id.* at 852–53.

In addition, if fee awards are made to a claimant's attorney under both the EAJA and § 406(b), the attorney must refund the claimant the amount of the smaller fee. *Gisbrecht v. Barnhart*, 535 U.S. 789, 789 (2002); *Wells v. Bowen*, 855 F.2d 37, 48 (2d Cir. 1988) ("Once appropriate fees under 42 U.S.C. § 406(b) are calculated, the district court should order [the attorney] to return the lesser of either that amount or the EAJA award to his clients."); *Barbour v. Colvin*, No. 12-CV-548 (ADS), 2014 WL 7180445, at *2 (E.D.N.Y. Dec. 10, 2014) (citing *Porter v. Comm'r of Soc. Sec.*, No. 06-CV-1150 (GHL), 2009 WL 2045688, at *3 (N.D.N.Y. July 10, 2009)).

### B.    Application

Here, Plaintiff retained Binder & Binder pursuant to a 25% contingency-fee agreement. (Dkt. 24-1 at ECF 2–3.) There are no allegations of fraud or overreaching with respect to the

retainer agreement.  Binder seeks the full 25% of Plaintiff's past-due benefits.  At 35.4 hours of work, that would be an effective hourly rate of approximately $976 per hour.  For the reasons explained below, the Court does not find that amount to be unreasonable in the context of this case.

To determine reasonableness, the Court considers "the character of the representation and the results the representative achieved."  *Fields*, 24 F.4th at 849.  Here, the Court notes that counsel's briefing identified the grounds on which this Court ultimately remanded.  (*Compare* Pl.'s Mem. L. Supp. Pl.'s Mot. J. Pleadings, Dkt. 13, *with* Mem. & Order, Dkt. 19.)  In addition, Binder & Binder's efforts ultimately led to a favorable decision from the SSA on remand.  Accordingly, this factor weighs in favor of granting the requested award.  *See Lebby v. Comm'r of Soc. Sec.*, No. 20-CV-4760 (PKC), 2024 WL 989908, at *3 (E.D.N.Y. Mar. 7, 2024) (finding that this factor weighed in favor of granting the requested award where Plaintiff identified the grounds that led to remand).

Second, the Court must determine whether counsel was responsible for unreasonable delays.  *Fields*, 24 F.4th at 849.  Here, the Court notes that Binder requested one 30-day extension to file Plaintiff's motion for judgment on the pleadings. (*See* Dkt. 10.)  The Court does not consider this request to constitute an undue delay given that it was a single request of a reasonable length that Plaintiff's counsel subsequently met.  *See Lebby*, 2024 WL 989908, at *3 (holding that counsel was not responsible for unreasonable delay on the same facts).

The third consideration with respect to reasonableness is whether the requested amount constitutes a "windfall."  *Fields*, 24 F.4th at 849.  The Court analyzes four factors in determining whether a requested amount qualifies as a windfall.  *Id.* at 854–56.

First, with respect to "the ability and expertise of the lawyers and whether they were particularly efficient," the Court believes that 35.4 hours of work was a reasonable amount of time

to spend on this matter.  In *Fields*, the Second Circuit found that 25.8 hours reviewing an 863-page transcript, drafting a 19-page brief, and then obtaining a stipulation of dismissal demonstrated particular efficiency, and that "other lawyers might reasonably have taken twice as much time" to do the same work, justifying a de facto hourly rate of $1,556.98.[4]  *Id.* at 854.  Here, the transcript was 992 pages, (Dkts. 9, 9-1), the opening brief was 29 pages, (Dkt. 13), and Plaintiff's counsel was also required to draft a reply brief, (Dkt. 18).  Moreover, the opening brief evinced an assiduous review by Plaintiff's counsel of the record that revealed grounds for remand.  (*See generally* Dkt. 13.)  The Court therefore finds that this factor supports granting the requested award.

Next, with respect to "the nature and length of the professional relationship with the claimant—including any representation at the agency level," *Fields*, 24 F.4th at 855, the Court notes that Binder & Binder did not represent Plaintiff before the agency prior to filing suit.  In *Fields*, plaintiff's counsel had represented the plaintiff from the start of his agency proceedings, including four separate hearings before Administrative Law Judges and multiple petitions to the SSA Appeals Council, further enabling plaintiff's counsel to efficiently brief its arguments before the district court, and distinguishing the case from some other cases that had found a windfall.  *See id.* at 855.  Here, Binder & Binder did not begin to represent Plaintiff until her application for benefits had been denied and she sought Appeals Council review.  (Binder Aff., Dkt. 24 ¶ 1.)  Consequently, in this case, Binder & Binder did not have the type of attorney-client relationship built over multiple rounds of representation that helped its work in *Fields*.  *See also Foster v. Comm'r of Soc. Sec.*, No. 19-CV-1743 (PKC), 2023 WL 7924172, at *4 (E.D.N.Y. Nov. 16, 2023) (holding that this factor "justifie[d] a slight downward adjustment" where attorney-movant did not

---

[4] Notably, Binder & Binder also represented the plaintiff in *Fields*.  24 F.4th at 849–50.

represent the plaintiff before the agency *and* plaintiff initially filed their suit pro se).  Nonetheless, the Court does not find that this factor justifies a downward adjustment of Binder & Binder's effective hourly rate in this case, given that the number of hours the firm spent was not greater than necessary and thus was seemingly unaffected by the lack of a prior relationship with Plaintiff.

Third, the Court presumes that Plaintiff is satisfied with receiving the past-due benefits that she sought; there is no evidence in the record to the contrary, and Binder & Binder caused only one relatively brief delay.  *See Vomero v. Comm'r of Soc. Sec*., No. 19-CV-5799 (PKC), 2022 WL 2918330, at *3 (E.D.N.Y. July 25, 2022) (finding no downward adjustment on the third "windfall" factor was required where there was "only one brief delay"); *Daniels v. Comm'r of Soc. Sec*., No. 20-CV-430 (PKC), 2022 WL 2918236, at *3 (E.D.N.Y. July 25, 2022) (same); *Lebby*, 2024 WL 989908, at *4 (same).  Therefore, the third factor does not warrant any downward adjustment.

Lastly, with respect to "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result," the Court notes that this case was not as uncertain as the case underlying *Fields*, where the SSA denied benefits even after the first remand by the district court.  *See Fields*, 24 F.4th at 850.  However, given the initial denial by the SSA, the award of benefits certainly was not guaranteed.  The Court therefore does not find that this factor justifies a downward adjustment.

For the reasons explained above, the Court finds the requested amount to be reasonable.  Additionally, upon receiving the § 406(b) award, Binder must remit the $8,223.60 received pursuant to the EAJA to Plaintiff.

**CONCLUSION**

For the reasons explained above, the pending motion for attorneys' fees under 42 U.S.C.

§ 406(b) is granted, and Binder & Binder is awarded $34,562.50.  Upon receipt of this award from

the government, Binder shall promptly refund Plaintiff $8,223.60, which represents the EAJA fees

already received by counsel.  The case remains closed.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: October 15, 2024
        Brooklyn, New York